IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BIKRAM CHOUDHURY and KAORU OGO, | ) Civ. No. 12-00008 ACK-KSC |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| JAKE RAYMOND NEEDHAM; FIDELITY | ) |
| NATIONAL TITLE & ESCROW OF | ) |
| HAWAII, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AND EVIDENTIARY HEARING AND DENYING DEFENDANT'S REQUEST TO CONDUCT DISCOVERY**

**BACKGROUND**

On January 5, 2012, Bikram Choudhury and Kaoru Ogo ("Plaintiffs") filed suit against Jake Raymond Needham ("Defendant") and Fidelity National Title & Escrow of Hawaii, Inc. Plaintiffs seek to recover $100,000 that they deposited with Fidelity pursuant to a contract to purchase real property located in Hawaii from Defendant.[1/] Doc. No. 1 ("Compl."). The

---

[1/]Plaintiffs contend that Fidelity is a necessary party to this proceeding as the stakeholder of the deposit at issue. Compl. ¶ 31. Plaintiffs do not assert any affirmative claims against Fidelity. Id. "'[C]itizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial

(continued...)

1

Complaint asserts that Choudhury is a United States citizen who resides in California, Ogo is a Japanese citizen who resides in Japan, and Defendant is a United States citizen "who upon information and belief, resided in Hawaii until the closing of the transaction described . . . below, and after such closing now resides in Bali, Indonesia." Compl. ¶¶ 1-3. Defendant filed an answer and counterclaim on February 27, 2012. Doc. No. 4 ("Answer"). Defendant's Answer states that his current citizenship and residence is in Bangkok, Thailand. Answer ¶ 3.

On March 16, 2012, Plaintiffs filed a motion to dismiss Defendant's Counterclaim. Doc. No. 5. The same day, Plaintiffs also filed a motion for summary judgment. Doc. No. 6. On May

---

[1]/(...continued)
parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 460-461 (1980) (internal citations omitted). "In general, a party whose role in a law suit is that of a depositary or stakeholder is a formal or nominal party." <u>Argo Global Special Situations Fund v. Wells Fargo Bank, N.A.</u>, 810 F. Supp. 2d 906, 911 (D. Minn. 2011); see <u>SEC v. Colello</u>, 139 F.3d 674, 676 (9th Cir. 1998) ("The paradigmatic nominal defendant is "a trustee, agent, or depositary . . . [who is] joined purely as a means of facilitating collection.") (alternation in original) (internal quotations omitted). Here, Fidelity's sole role in the lawsuit is that of a stakeholder with no legitimate claim to the disputed property. Thus, Fidelity is not a real party in interest. Consequently, the Court must ignore Fidelity for purposes of evaluating diversity jurisdiction. See <u>Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.</u>, 204 F.3d 867, 873 (9th Cir. 2000) ("We will ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.") (internal quotations omitted).

22, 2012, Defendant filed a counter-motion for summary judgment. Doc. No. 18. The Court set a hearing on Plaintiffs' Motion to Dismiss, Plaintiffs' Motion for Summary Judgment, and Defendant's Counter-Motion for Summary Judgment for June 12, 2012. See Doc. Nos. 9 & 21.

Upon reviewing the documents in this case, it became apparent that the Court might lack diversity jurisdiction over this state-law contract dispute. It was unclear from the pleadings where Defendant was domiciled and whether he was a United States citizen at the time Plaintiffs filed this suit. The Court therefore requested Defendant file a declaration stating his residence and citizenship at the time this case was filed. Doc. No. 28.

On June 12, 2012, Defendant filed a declaration ("Defendant's Declaration") stating that on the date this case was filed and the date Defendant filed his answer, he was (and is) a United States citizen and a resident of Bangkok, Thailand.[2] Defendant's Declaration ¶ 1. Defendant further

---

[2] Before filing Defendant's declaration (the "filed declaration"), Defendant's counsel submitted an unsigned declaration (the "unsigned declaration") and a signed declaration (the "correspondence signed declaration") to the Court and Plaintiffs. These submissions were sent in correspondence form via e-mail to the undersigned's courtroom manager and were filed as correspondence by the Clerk of Court, not Defendant's counsel. See Doc. No. 34. Plaintiffs assert that there are "significant differences between the three declarations" that supports their argument. Pls.' Reply 3. The unsigned declaration stated "I

(continued...)

3

stated that he has no residence in any particular state within the United States and has not been a resident of nor domiciled within California or Japan at any time within the past ten years. Id. ¶¶ 2-3.

On June 13, 2012, Plaintiffs filed a reply to Defendant's Declaration ("Pls.' Reply") and a motion for an order scheduling a future evidentiary hearing and permitting Plaintiffs to conduct jurisdictional discovery ("Pls.' Mot."). Doc. Nos. 30 & 31. On June 20, 2012, Defendant filed an opposition to Plaintiffs' Motion ("Def.'s Opp'n"). Doc. No. 33. Defendant's Opposition included a request that if the Court grants Plaintiffs' Motion, the Court allow Defendant to conduct "mutual discovery." Def.'s Opp'n 4.

**STANDARD**

**I.  Subject Matter Jurisdiction**

---

[2/](...continued)
have not been a resident of California, Hawaii or Japan at any time within the past ten years." Doc. No. 34-3. In contrast, the correspondence signed declaration and the filed declaration state "I have not been a resident of nor have I been domiciled within California or Japan at any time within the past ten years." Defendant's Declaration ¶ 3; Doc. No. 34-2. Paragraph 1 of the correspondence signed declaration states that the information provided is for "all times relevant herein, including without limitation February 27, 2012, the filing date of my Answer and Counterclaim." Doc. No. 34-2. The filed declaration provides information as of January 5, 2012, the date Plaintiffs filed the Complaint, and "among dates including without limitation February 27, 2012." Defendant's Declaration ¶ 1. The Court does not find these differences significant and does not give them much weight.

4

Plaintiffs relied on diversity jurisdiction, 28 U.S.C. § 1332(a), in bringing this state-law action. Section 1332(a) supplies jurisdiction to the district courts for civil actions where the matter in controversy exceeds $75,000, and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state . . .; [and]
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties. . . .

This statute is construed to require complete diversity, i.e., each plaintiff must be diverse from each defendant. Lee v. Am. Nat'l Ins. Co, 260 F.3d 997, 1004 (9th Cir. 2001). The Supreme Court has held that United States citizens domiciled in a foreign country are "stateless" for purposes of the diversity statute and cannot be parties to a diversity action in federal court. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828-29 (1989).

"[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986) (second alteration in original) (internal quotations omitted). For diversity purposes, a person's domicile is determined at the time the suit is filed. Id. at 750. Additionally, a person does not lose a domicile until a new one is acquired. Id. "A change

5

in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." Id.

## II. Discovery

Under Federal Rule of Civil Procedure 26, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). For purposes of discovery, "relevancy" is construed broadly. Liew v. Breen, 640 F.2d 1046, 1049 (9th Cir. 1981). The Court may order discovery of any relevant matter for "good cause." Fed. R. Civ. P. 26(b)(1). "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003).

## DISCUSSION

## I. The Parties' Arguments

Plaintiffs assert that Defendant is a fiction writer and minimal internet research contradicts Defendant's declaration stating that he is a resident of Thailand. Pls.' Reply 4-5. Specifically, Plaintiffs submitted a biography obtained from the internet that states Defendant and his wife "divide [their] time between homes in Thailand and the United States." Id. Ex. 4. Plaintiffs also submitted a printout of an "about the author"

listing on the website amazon.com that states that Defendant, his wife, and their two sons, "divide their time between homes in Bangkok and New York." Id. Ex. 5.  In addition, Plaintiffs submitted a "comprehensive report" obtained via the internet that lists Defendant's last two addresses as ones in Honolulu, Hawaii. Id. Ex. 6.  Finally, Plaintiffs submitted an article printed from the internet in which Defendant states that "I live [in Thailand] part of the year for family reasons." Id. Ex. 7.  Plaintiffs further note that Defendant executed his signed declaration in New York, New York.  Pls.' Reply 4.

Plaintiffs list some of the information that they intend to request from Defendant in discovery.  This information includes, for each year 2010, 2011, and 2012, information related to: property owned or rented by Defendant; states in which Defendant has registered to vote and voted in; states in which Defendant has an automobile registered; location of Defendant's brokerage and bank accounts; location of organizations, clubs, or associations to which Defendant belongs; location where Defendant has filed tax returns and residence address information contained therein; any passports issued to Defendant and residence address information contained therein; the employers of Defendant and his wife; and schools attended by Defendant's minor children.  Pls.' Mot. 2-4.  Plaintiffs also assert they will seek information related to Defendant's use of tax provisions for nonresidents and

7

foreigners in the sale of the Hawaii real property that is the subject matter of this dispute. Id. at 5.

Defendant asserts that "Plaintiffs' list of inquiries grows quickly beyond the scope of diversity, becoming almost absurdly overbroad." Def.'s Opp'n 3. Defendant categorizes Plaintiffs' requests as "exploitative" and "as an opportunistic attempt to conduct unilateral discovery." Id. Defendant therefore requests that if the Court permits such discovery, the discovery should be comprehensive and mutual. Id. at 4. Defendant contends that discovery will be costly and inconvenient for all parties and that it is unfair to impose the burden of responding to discovery request on only one party. Id. at 5.

**II. Application**

District courts have a duty to establish subject matter jurisdiction whether the parties raise the issue or not. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). Furthermore, subject matter jurisdiction is not contingent upon the parties' arguments. Id.

In determining an individual's domicile, the Court should consider "objective facts" and "statements of intent are entitled to little weight when in conflict with facts." Lew v. Moss, 797 F.2d at 750 (internal quotations omitted). The Ninth Circuit has set forth several objective factors relevant to this evaluation, including: "current residence, voting registration

and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Id.

Here, it is undisputed Needham is a United States citizen. Plaintiffs, however, have set forth sufficient evidence to place Defendant's domicile in dispute. This includes statements by Defendant that he maintains homes in both the United States and Thailand and lives "part of the year" in Thailand. If Defendant is domiciled in Thailand at the time Plaintiffs filed their complaint, he is a "stateless" person and cannot confer diversity jurisdiction over this action. See Newman-Green, Inc., 490 U.S. at 828-29. If he is domiciled in New York or any other state besides California, there is complete diversity and the Court has diversity jurisdiction over this action. See 28 U.S.C. § 1332(a). Thus, Plaintiffs' attempt to determine Defendant's domicile is not "exploitative" or otherwise improper.

Jurisdictional discovery related to Defendant's domicile is appropriate because "facts bearing on the question of jurisdiction are controverted." See Laub, 342 F.3d at 1093. Plaintiffs' proposed inquiries relate to objective factors relevant to determining a party's domicile. The proposed

inquiries are thus relevant and proper.

Accordingly, the Court GRANTS Plaintiffs' request to conduct jurisdictional discovery. If Plaintiffs' discovery requests relate to irrelevant or otherwise improper matters, Defendant may object at that time.[3] The Court DENIES Plaintiffs' request to schedule an evidentiary hearing without prejudice to Plaintiffs moving for a hearing after discovery if necessary.

Plaintiffs' domiciles are not in dispute. Thus, Defendant's request for "mutual discovery" is inappropriate and related to irrelevant matters. The Court therefore DENIES Defendant's request for discovery.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' request for jurisdictional discovery, DENIES Plaintiffs' request for an evidentiary hearing without prejudice to Plaintiffs moving for such a hearing after discovery, and DENIES Defendant's request to conduct discovery.

IT IS SO ORDERED.

---

[3]Plaintiffs have the burden of proving subject matter jurisdiction. See Lew v. Moss, 797 F.2d at 751. The Court notes that should Plaintiffs establish that Defendant had a former domicile in a particular state, a presumption will apply against Defendant's allegedly newly acquired one (Thailand). See id. In that case, the burden of producing evidence to substantiate Defendant's allegedly new domicile will shift to Defendant. Id.

Dated: Honolulu, Hawaii, June 28, 2012.



_____
Alan C. Kay
Sr. United States District Judge

<u>Bikram Choudhury, et al. v. Jake Raymond Needham, et al.</u>, Civ. No. 12-0008 ACK-KSC: Order Granting in Part and Denying in Part Plaintiffs' Motion for Jurisdictional Discovery and Evidentiary Hearing and Denying Defendant's Request for Discovery